UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------------X
ANTHONY GEORGE BELL, #16001767,

                Plaintiff,

         -against-

**ORDER**
16-CV-2959(JMA)(AYS)

MICHAEL J. SPOSATO, EDWARD MANGON,
MADELINE SINGA,

                Defendants.
----------------------------------------------------------------------X

**AZRACK, District Judge:**

On June 2, 2016, incarcerated *pro se* plaintiff Anthony George Bell ("plaintiff") filed an *in forma pauperis* complaint against the Sheriff of Nassau County Michael J. Sposato ("Sheriff Spossato"), Nassau County Executive Edward Mangano, improperly named as "Edward Mangon" ("County Executive Mangano") and Nassau County District Attorney Madeline Singas, improperly named as "Madeline Singa" ("DA Singas") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. (See June 2, 2016 Compl. ("June Compl.")). On July 19, 2016, plaintiff filed another complaint that is nearly identical to the June Complaint and filed another application to proceed *in forma pauperis*. (See July 19, 2016 Compl. ("July Compl."); Docket Entry No. 13). Given his *pro se* status, the Court construes plaintiff's complaints together and, for the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

1

## I.   BACKGROUND[1]

Plaintiff's sparse allegations are set forth here, in their entirety:

> (1) Edward Mangon County Exec in saving money has created a medical firm of Amour realty to come in and misdiagnose people and create a medical unit that is sub par.   (2) Micheal J. Sposato has created a jail where officers sit on the butts and do nothing in medical as stated in pages accompanying this sheet with lack of concern for the medical unit.   (3) Madeline Singa for malicious prosecution in my case.

(June Compl. at ¶ IV.)[2]   Plaintiff has annexed to his June Complaint twelve (12) pages that are largely letters to or from him as well as a copy of his Notice of Claim.   (See June Compl. at 6-18).

The July Complaint is nearly identical, although plaintiff does not include any attachments to his July Complaint.   In its entirety, the statement of claim for the July Complaint alleges:

> (1) Edward Mangon County Exec in saving money has created a medical dungeon where Armour health has misdiagnosed and created a medical unit that is sub par. (2) Micheal J. Sposato has created a jail where officers sit on there butts and do nothing in medical as stated in pages accompanying this sheet with lack of concern for the medical unit.   (3) Madeline Singa for malicious prosecution in my case.

(July Compl. at ¶ IV.)   Although plaintiff alleges that there are "pages accompanying this [complaint]", none were filed with the July Complaint.

In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges in both complaints:

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaints are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

"Because of all three of thee above I am not getting proper treatment as a person with HIV, sleep apnea, high blood pressure and hep B and asthma." (*Id.* at ¶ IV.A.) For relief in each complaint, plaintiff seeks to recover a monetary damages award in the sum of $15 million. (*Id.* at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as

3

raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979);

4

Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

Here, as is readily apparent, plaintiff's sparse allegations fail to allege a plausible Section 1983 claim against any defendants. Wholly absent are any factual allegations of conduct or omissions attributable to any of the defendants. Even affording the *pro se* complaints a liberal construction, no personal involvement of any of the defendants can reasonably be inferred. "[E]ach defendant must have been personally involved in the alleged constitutional violation" in order to be held liable under Section 1983. Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006); see also Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987). Plaintiff's complaints fail to plausibly allege the personal involvement of the defendants in any constitutional violations. Accordingly, plaintiff's Section 1983 claims against the defendants are dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (holding that complaint based

5

upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law.").

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).  Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaints.  Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2959(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order.  Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include any allegations he wishes to pursue in the amended complaint.  Further, if plaintiff does not file an amended complaint within thirty (30) days, all of his claims will be dismissed with prejudice, judgment will enter and this case will be closed.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are

6

granted, but the complaints are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-2959(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff.

**SO ORDERED.**                             _____/s/ (JMA)_____
                                            Joan M. Azrack
Dated:   November 22, 2016                  United States District Judge
         Central Islip, New York

7